# IN THE

# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

RICHARD TIPTON, II,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT RICHMOND

## OPENING BRIEF OF APPELLANT

John G. Baker
FEDERAL PUBLIC DEFENDER
FOR THE WESTERN DISTRICT
OF NORTH CAROLINA

Gerald W. King, Jr.
Chief, Capital Habeas Unit
for the Fourth Circuit
129 West Trade Street, Suite 300
Charlotte, NC 28202
704-374-0720
gerald_king@fd.org

Jeffrey L. Ertel
FEDERAL DEFENDER
PROGRAM, INC.
101 Marietta Street NW, Suite 1500
Atlanta, GA 30303
404-688-7530
jeff_ertel@fd.org

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ....................................................................... iv

INTRODUCTION ..................................................................................... 1

STATEMENT OF JURISDICTION ............................................................ 2

STATEMENT OF THE ISSUES ................................................................. 3

STATEMENT OF RELEVANT FACTS ...................................................... 3

    A.    Mr. Tipton's Convictions and Sentencing ...................................... 3

    B.    Mr. Tipton's Direct Appeal .......................................................... 6

    C.    Mr. Tipton's First Section 2255 Motion ....................................... 6

    D.    Mr. Tipton's Prior Applications for Authorization ......................... 7

    E.    Mr. Tipton's Successive § 2255 Motion ........................................ 8

SUMMARY OF THE ARGUMENT ............................................................ 9

STANDARD OF REVIEW ....................................................................... 11

ARGUMENT ........................................................................................... 12

    I.    AFTER *DAVIS AND BORDEN*, MR. TIPTON'S § 924(C) CONVICTIONS CAN NO LONGER BE SUSTAINED ................... 12

        A.    Under the Categorical and Modified Categorical Approaches, There is "More Than a Reasonable Possibility" that Mr. Tipton's § 924(c) Convictions Rest on Invalid Predicate Offenses ................................................. 14

B. Section 1959 is Not Categorically a "Crime of Violence." ........19

    1. § 1959 conspiracy is not categorically a "crime of violence." ...........................................................20

    2. After *Davis*, Mr. Tipton's § 924(c) convictions can no longer rest on § 1959 murder or maiming offenses.................................................................. 22

    3. Maiming is not categorically a crime of violence and thus cannot support Mr. Tipton's § 924(c) convictions.................................................................. 27

    4. Mr. Tipton's 924(c) convictions cannot rest on assault resulting in serious bodily injury, which is not categorically a crime of violence................................28

    5. The District Court Declined to Address These Arguments .................................................................28

C. Mr. Tipton's § 848(e)(1)(A) Convictions Also Fail to Qualify Categorically as "Crimes of Violence" under § 924(c) ................................................................................28

    1. The District Court Erred in Deeming Mr. Tipton's 848(e) Offenses Crimes of Violence And Drug Trafficking Crimes ............................................................31

        a. Mr. Tipton's 848(e) Offenses Were Not Prosecuted as Drug Trafficking Crimes ........................31

        b. Mr. Tipton's First Step Act Litigation Does Not Characterize His § 848(e) Offenses As Drug Trafficking Predicates for His § 924(c) Convictions ................................................................. 34

        c. Mr. Tipton's § 848(e) Offenses Do Not Satisfy § 924(c)'s Elements Clause.............................................. 37

d. Mr. Tipton's Vacated Section § 846 Is Not a Valid Drug-Trafficking Predicate ............................................ 40

D. There is No "Strong Proof" that Mr. Tipton Used a Firearm in Committing his Valid Drug Trafficking Offenses ............................................................................... 42

II. BECAUSE BOTH OF MR. TIPTON'S § 924(C) CONVICTIONS ARE INVALID AFTER *DAVIS*, MR. TIPTON IS ENTITLED TO BE RESENTENCED ......................................... 46

CONCLUSION AND PRAYER FOR RELIEF ............................................. 48

REQUEST FOR ORAL ARGUMENT ......................................................... 48

CERTIFICATE OF COMPLIANCE ............................................................ 50

# TABLE OF AUTHORITIES

## Cases

*Barefoot v. Estelle,*
 463 U.S. 880 (1983) ....................................................... 11

*Borden v. United States,*
 210 L. Ed. 2d 63, 141 S. Ct. 1817 (2021) ......................................... *passim*

*Bourgeois v. Whitley,*
 784 F.2d 718 (5th Cir. 1986) ................................................... 47

*Buck v. Davis,*
 137 S. Ct. 759 (2017) ....................................................... 11

*Descamps v. United States,*
 570 U.S. 254 (2013) ..................................................... 15, 16

*Garcia v. Gonzales,*
 455 F.3d 465 (4th Cir. 2006) ............................................. 13, 24

*In re Irby,*
 858 F.3d 231 (4th Cir. 2017) ................................................. 25, 37, 38

*James v. United States,*
 476 F.2d 936 (8th Cir. 1973) ............................................... 47

*Jerkins v. United States,*
 530 F.2d 1203 (5th Cir. 1976) ............................................. 47

*Johnson v. Mississippi,*
 486 U.S. 578 (1988) ....................................................... 47

*Johnson v. United States,*
 559 U.S. 133 (2010) ....................................................... 13

*Johnson v. United States,*
 576 U.S. 591 (2015) ......................................................... 7

*Mathis v. United States,*
 136 S. Ct. 2243 (2016) ..................................................... 15

*Miller-El v. Cockrell,*
 537 U.S. 322 (2003) ....................................................... 11

*Mills v. Maryland,*
486 U.S. 367 (1988) ...................................................................... 47

*Moncrieffe v. Holder,*
133 S. Ct. 1678 (2013) ................................................................. 17

*Moncrieffe v. Holder,*
569 U.S. 184 (2013) ...................................................................... 19

*Ortiz v. Lynch,*
796 F.3d 932 (8th Cir. 2015) .................................................... 17

*Paul v. Superintendent,*
No. 2:13-cv-00304, 2022 WL 3043526 (S.D. Ind. Aug. 2, 2022) ......... 24

*Popal v. Gonzales,*
416 F.3d 249 (3d Cir. 2005) .................................................. 23-24

*Quinteros v. Attorney General of the United States,*
945 F.3d 772 (3d Cir. 2019) ................................................ 19-20

*Richardson v. Marsh,*
481 U.S. 200 (1987) ...................................................................... 22

*Rosemond v. United States,*
572 U.S. 65 (2014) ........................................................................ 12

*Sessions v. Dimaya,*
__ U.S. __,138 S. Ct. 1204 (2018) ............................................ 7

*Shepard v. United States,*
544 U.S. 13 (2005) ........................................................................ 16

*Slack v. McDaniel,*
529 U.S. 473 (2000) .......................................................... 11, 18, 48

*Smith v. United States,*
508 U.S. 223 (1993) ...................................................................... 12

*Terry v. United States,*
141 S. Ct. 1858 (2021) ............................................................. 35, 37

*Tipton v. United States,*
520 U.S. 1253 (1997) ...................................................................... 6

*Tipton v. United States,*
546 U.S. 810 (2005) ..................................................................... 7

*Tipton v. United States,*
No. 3:92CR68 (E.D. Va. Nov. 26, 2003) ................................... 6

*United States v. Ali,*
991 F.3d 561 (4th Cir. 2021) ........................................... *passim*

*United States v. Allred,*
942 F.3d 641 (4th Cir. 2019) ....................................... 15, 23

*United States v. Alvarez,*
266 F.3d 587 (6th Cir. 2001) ............................................. 29

*United States v. Capers,*
20 F.4th 105 (2d Cir. 2021) ........................................ 44, 45

*United States v. Chapman,*
666 F.3d 220 (4th Cir. 2012) ............................... 16-17, 19, 30

*United States v. Clay,*
627 F.3d 959 (4th Cir. 2010) ............................................. 16

*United States v. Crump,*
120 F.3d 462 (4th Cir. 1997) ............................................. 41

*United States v. Davis,*
139 S. Ct. 2319 (2019) .......................................... 1, 9, 13

*United States v. Davis,*
No.: 4:18-cr-00011, 2019 WL 3307235 (W.D. Va. July 22, 2019) .......... 15

*United States v. Diaz-Ibarra,*
522 F.3d 343 (4th Cir. 2008) ............................................. 15

*United States v. Evans,*
848 F.3d 242 (4th Cir. 2017) ............................................. 14

*United States v. Fuertes,*
805 F.3d 485 (4th Cir. 2015) ....................................... 14, 16

*United States v. Gomez,*
690 F.3d 194 (4th Cir. 2012) ............................................. 26

*United States v. Hager,*
721 F.3d 167 (4th Cir. 2013) .......................................................... 22, 30

*United States v. Heyward,*
3 F.4th 75 (2d Cir. 2021) ............................................................... 44, 45

*United States v. Hopkins,*
310 F.3d 145 (4th Cir. 2002) ........................................................... 40-41

*United States v. Jackson,*
32 F.4th 278 (4th Cir. 2022) ............................................................... 38

*United States v. Jones,*
935 F.3d 266 (5th Cir. 2019) ..................................................... 44, 45, 46

*United States v. Knife,*
592 F.2d 472 (8th Cir. 1979) ............................................................... 28

*United States v. Laurent,*
___F.4th___, 2022 WL 1217395 (2d Cir. 2022) ..................................... 45

*United States v. Mathis,*
932 F.3d 242 (4th Cir. 2019) .................................................... 15, 38, 40

*United States v. Mayhew,*
995 F.3d 171 (4th Cir. 2021) ............................................................... 12

*United States v. Mayo,*
901 F.3d 218 (3d Cir. 2018) ................................................................ 26

*United States v. McCall,*
No. 3:10CR170-HEH, 2019 WL 4675762 (E.D. Va. Sept. 24, 2019) ..... 22

*United States v. McClaren,*
13 F.4th 386 (5th Cir. 2021) ..................................................... 44, 45, 46

*United States v. McCollum,*
885 F.3d 300 (4th Cir. 2018) ............................................................... 19

*United States v. McNeal,*
818 F.3d 141 (4th Cir. 2016) ............................................................... 23

*United States v. Middleton,*
883 F.3d 485 (4th Cir. 2018) ............................................................... 23

*United States v. NJB,*
104 F.3d 630 (4th Cir. 1997) ........................................................ 32, 36

*United States v. Parrish,*
767 F. App'x 440 (4th Cir. 2019) ........................................................ 25

*United States v. Roane,*
51 F.4th 541 (4th Cir. 2022) ........................................................ 36

*United States v. Roane,*
378 F.3d 382 (4th Cir. 2004) ........................................................ 7

*United States v. Roane,*
No. 3:92cr68 (DJN), 2020 WL 6370984 (E.D. Va. Oct. 29, 2020) ....... 31

*United States v. Royal,*
731 F.3d 333 (4th Cir. 2013) ........................................................ 27

*United States v. Rumley,*
952 F.3d 538 (4th Cir. 2020) ........................................................ 26

*United States v. Runyon,*
707 F.3d 475 (4th Cir. 2013) ........................................................ 22

*United States v. Said,*
26 F.4th 653 (4th Cir. 2022) ........................................................ *passim*

*United States v. Simmons,*
11 F.4th 239 (4th Cir. 2021) ........................................................ 20

*United States v. Simms,*
914 F.3d 229 (4th Cir. 2019) ........................................................ *passim*

*United States v. Taylor,*
142 S. Ct. 2015 (2022) ........................................................ 9

*United States v. Thomas,*
32 F.4th 420 (4th Cir. 2022) ........................................................ 36

*United States v. Tipton,*
90 F.3d 861 (4th Cir. 1996) ........................................................ *passim*

*United States v. Torres-Miguel,*
701 F.3d 165 (4th Cir. 2012) ........................................... 15, 19, 26, 27

*United States v. Townsend,*
886 F.3d 441 (4th Cir. 2018) ............................................................... 23

*United States v. Tucker,*
404 U.S. 443 (1972) ...................................................................... 46-47

*United States v. Turner,*
198 F.3d 425 (4th Cir. 1999) ............................................................... 32

*United States v. Vann,*
660 F.3d 771 (4th Cir. 2011) ............................................................... 17

*United States v. Winston,*
55 F. App'x 289 (6th Cir. 2003) ........................................................... 29

*Welch v. United States,*
578 U.S. 120 (2016) ............................................................................ 7

**Statutes**

18 U.S.C. § 2 ...................................................................................... 39
18 U.S.C. § 16 ............................................................................ 7, 8, 24
18 U.S.C. § 113 ................................................................................... 28
18 U.S.C. § 924 .......................................................................... *passim*
18 U.S.C. § 1111 ..................................................................... 22, 25, 38
18 U.S.C. § 1513 ........................................................................... 25, 38
18 U.S.C. § 1959 ......................................................................... *passim*
21 U.S.C. § 841 ............................................................................. 4, 36
21 U.S.C. § 846 .......................................................................... *passim*
21 U.S.C. § 848 .......................................................................... *passim*
21 U.S.C. § 924 .......................................................................... *passim*
21 U.S.C. § 960 ................................................................................. 36
21 U.S.C. § 1959 ......................................................................... *passim*
28 U.S.C. § 1291 ................................................................................. 3
28 U.S.C. § 1331 ................................................................................. 2
28 U.S.C. § 2241 ................................................................................. 2

28 U.S.C. § 2253 ...................................................................... 11

28 U.S.C. § 2255 .................................................................. *passim*

## Other Authorities

3 Modern Federal Jury Instructions-Criminal P 56.07 ............................ 29

Fed. R. App. P. 4 ...................................................................... 2-3

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| RICHARD TIPTON, III, | ) | |
| | ) | Criminal Case No. 92CR68 |
| Defendant/Appellant, | ) | Prior Civil Case No. 98CV361 |
| | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Appellee | ) | |

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND**

**INTRODUCTION**

Richard Tipton, III, a death-sentenced prisoner, seeks a certificate of appealability ("COA") from the denial of his successive Section 2255 motion, which was authorized by this Court in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and following *Borden v. United States*, 210 L. Ed. 2d 63, 141 S. Ct. 1817 (2021). In that motion and here, Mr. Tipton contends that his convictions and sentences for the use of a firearm during a crime of violence or drug trafficking in violation of 18 U.S.C. § 924(c) cannot withstand *Davis*'s invalidation of that statute's "residual clause," as: 1) the predicate offenses identified in his indictment do not qualify categorically as crimes of violence under § 924(c)'s surviving "force" or "elements" clause; and 2) there is no "overwhelming" record evidence or "strong

1

proof"[1] that a gun was used during his drug trafficking offenses.  In denying

relief, the district court determined that Mr. Tipton's 848(e) predicate

convictions were *both* crimes of violence and drug trafficking crimes

(JA134)—a conclusion contradicted by both this Court's precedent and the

record in this case.  As there is "'more than a reasonable possibility' that the

jury only found [Mr. Tipton] guilty"[2] of his 924(c) offenses based upon

invalid predicates, he respectfully urges this Court to grant a COA, reverse,

vacate his § 924(c) convictions, and remand for a new sentencing

proceeding.

## STATEMENT OF JURISDICTION

The district court had jurisdiction over Mr. Tipton's second or

successive motion for relief under 28 U.S.C. §§ 1331, 2241, 2255(a), and

2255(h) and pursuant to this Court's order of January 24, 2022, authorizing

its consideration of that motion. Order, *In re: Tipton*, 20-10 (Doc: 42-1).

Mr. Tipton filed a timely notice of appeal on December 5, 2022, in

accordance with Rule 4(a)(1)(B)(i) of the Federal Rules of Appellate

---

[1] *United States v. Ali*, 991 F.3d 561, 575 (2021).

[2] *United States v. Said*, 26 F.4th 653, 662 (4th Cir. 2022).

Procedure. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291, 2253(a), and 2255(d).

## STATEMENT OF THE ISSUES

1) In light of *Davis* and *Borden*, did the district court err as a matter of law in concluding that Mr. Tipton's convictions under 21 U.S.C. § 848(e)(1)(A) qualify as crimes of violence under § 924(c)(3)(A)'s elements clause and also as drug trafficking crimes?

2) Did the district court err as a matter of law in concluding that there was not "more than a reasonable possibility" [3] that his § 924(c) convictions rested upon valid predicates?

## STATEMENT OF RELEVANT FACTS

### A. Mr. Tipton's Convictions and Sentencing.

On February 3, 1993, a jury sitting in the United States District Court for the Eastern District of Virginia convicted Mr. Tipton of the following offenses: conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. § 846;[4] engaging in a continuing criminal enterprise

---

[3] *Said*, 26 F.4th at 662.

[4] Count 1 (JA85).

("CCE") in violation of 21 U.S.C. § 848(a); [5] six counts of murder "while engaged in and working in furtherance of" a CCE in violation of 21 U.S.C. § 848(e); [6] six counts of murder "to maintain or increase position in racketeering enterprise" in violation of 18 U.S.C. § 1959; [7] two counts of maiming "to maintain or increase position in racketeering enterprise" in violation of 18 U.S.C. § 1959; [8] two counts of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1); [9] and two counts of using a firearm in relation to a crime of violence or a drug trafficking crime, 21 U.S.C. § 924(c). [10]

Mr. Tipton's Second Superseding Indictment had proffered multiple § 848(e) and § 1959 counts as the predicate offenses for his two § 924(c)

---

[5] Count 2 (JA85).

[6] Counts 3, 17, 18, 19, 24, and 25 (JA85, JA88-90).

[7] Counts 4, 21, 22, 23, 27, and 28 (JA87, JA89, JA90). As discussed below, the indictment did not identify any federal or state statute defining murder as to these counts (JA68, JA76-80), nor was the jury instructed as to a specific murder statute to consider.

[8] Counts 29 and 30 (JA91).

[9] Counts 32 and 33 (JA91).

[10] Counts 20 and 26 (JA89-90).

offenses.[11]  But when instructing the jury as to the § 924(c) offenses, the district court made no reference to these predicates.  JA1525-1527.  The district court instead read the text of § 924(c)(1) to the jury, including an almost verbatim recitation of its force and residual clauses. JA1525-1527.  Nor did the district court identify certain counts as drug trafficking crimes, stating merely that each of "[t]he offenses alleged…are crimes of violence *or* drug trafficking crimes."  JA1526.  The district court repeatedly admonished the jury to refer to Mr. Tipton's verdict form to "assist" it in "giving individual consideration to each…count against him." JA1524-1526.  But that form required no specific findings as to the predicate offenses or § 924(c) counts, directing the jury only to find Mr. Tipton "Guilty or Not Guilty" of each.  JA85-90.

The district court further instructed Mr. Tipton's jury that it could find him guilty of his § 1959 charges based upon any of the substantive crimes listed in that statute, including *conspiracy* to commit them, and that

---

[11]For the first, Count 20, the indictment cited: conspiracy, as charged in Count 1; the § 848(e) violations charged in Counts 17, 18, and 19; and the § 1959 violations charged in Counts 21, 22 and 23.  JA76. For the second, Count 26, the indictment cited: conspiracy, again as charged in Count 1; § 848(e) violations as charged in Counts 24 and 25; § 1959 violations as charged in Counts 27 and 28; and the § 1959 maiming violations charged in Counts 29 and 30.  JA79.

that it could find him guilty of his § 848(e) charges if it concluded that he had *counseled, commanded, induced, procured, or caused* the intentional killing of the named victim.  JA1522-1525.

At the conclusion of the penalty phase, the jury recommended that Mr. Tipton receive death sentences for three of his § 848(e) convictions and life sentences for three others. The district court sentenced Mr. Tipton in accord with the jury's recommendation, imposing terms of imprisonment for the non-capital convictions, including his two § 924(c) counts. JA10-13.

**B.    Mr. Tipton's Direct Appeal.**

Mr. Tipton timely appealed to this Court, which vacated his conviction for conspiracy under 21 U.S.C. § 846 Count One (conspiracy) as violating the Constitution's double jeopardy clause but otherwise affirmed his convictions and death sentences.  *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996).  The Supreme Court denied certiorari.  *Tipton v. United States*, 520 U.S. 1253 (1997).

**C.    Mr. Tipton's First Section 2255 Motion.**

In 1998, Mr. Tipton filed a timely motion for collateral relief under § 2255, raising in the motion (and amendments to it) claims of error in both the guilt and penalty phases of his trial.  The district court denied relief, *Tipton v. United States*, No. 3:92CR68 (E.D. Va. Nov. 26, 2003), and this

Court affirmed. *United States v. Roane*, et al., 378 F.3d 382 (4th Cir. 2004). The Supreme Court denied certiorari. *Tipton v. United States*, 546 U.S. 810 (2005).

### D.    Mr. Tipton's Prior Applications for Authorization.

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. The Court subsequently found *Johnson*'s rule substantive and retroactively applicable to cases on collateral review. *Welch v. United States*, 578 U.S. 120, 129-30 (2016).

On May 20, 2016, Mr. Tipton moved this Court for authorization to file a successive § 2255 motion challenging his § 924(c) convictions and sentences based upon *Johnson* and *Welch*. (Doc. 1, *In re: Tipton*, No. 16-7.) This Court denied that motion on June 6, 2016. (Doc. 13, No. 16-7.)

On April 17, 2018, the Supreme Court held in *Sessions v. Dimaya,* ___ U.S. ___,138 S. Ct. 1204, 1223 (2018), that the residual clause of the federal criminal code's definition of a "crime of violence," as codified in § 16(b) of Title 18, was void for vagueness and violated the Due Process Clause of the Fourteenth Amendment. On April 17, 2019, Mr. Tipton again moved this Court for authorization to file a successive § 2255 motion based upon *Dimaya* and this Court's en banc decision in *United States v. Simms,* 914

F.3d 229 (4th Cir. 2019) (*en banc*) (holding 924(c)(3)(B)'s residual clause was identical to Section 16(b) and also void for vagueness). (Doc. 1, *In re Tipton*, 19-2.) This Court denied his application on May 14, 2019. (Doc .9, *In re Tipton*, 19-2.)

### E. Mr. Tipton's Successive § 2255 Motion.

The Supreme Court issued its decision in *Davis* on June 24, 2019. On June 8, 2020, Mr. Tipton moved this Court for authorization to file a successive § 2255 motion based upon *Davis*, which, as noted supra, directly addressed and invalidated § 924(c)'s residual clause. (Doc. 2-1, *In re Tipton*, 20-10.)

On January 24, 2022, this Court granted Mr. Tipton's authorization motion and transferred his post-conviction application to the district court. Docs. 42-1 and 42-2, *In re Tipton*, 20-10. Per the district court's direction, Mr. Tipton timely filed an amended Section 2255 motion. JA14-91; see also D.149:2, 154, 159. Following briefing, the district court entered an opinion (JA134-163) and judgment (JA164) denying Mr. Tipton's motion and a certificate of appealability ("COA"). Mr. Tipton filed a timely notice of appeal. JA165-166. Following this Court's grant of extensions of time, Mr. Tipton submits this initial brief.

## SUMMARY OF THE ARGUMENT

18 U.S.C. § 924(c) prohibits the use of a firearm during a crime of violence or drug trafficking. After *Davis* and *Borden*, an offense can only qualify as the "crime of violence" predicate for a § 924(c) violation if it has as a *required* element the intentional use, attempted use, or threatened use of violent physical force.[12] A reviewing court assessing "whether a federal felony may serve as a predicate...[for this] elements clause...must apply a categorical approach" that "does not require—in fact, it precludes—an inquiry into how any particular defendant may commit the crime, asking instead whether it "always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022) (emphasis in original).

As Mr. Tipton detailed below in the Section 2255 motion authorized by this Court, at least two of the many types of offenses charged as predicates for Mr. Tipton's § 924(c) counts–those pursuant to § 1959 and §

---

[12]*See *Davis*, 139 S. Ct. 2319 (invalidating § 924(c)'s "residual clause); *Borden*, 141 S. Ct. at 1834 (offenses with *mens rea* of recklessness do not qualify as violent felonies under the Armed Career Criminal Act (ACCA) because they cannot satisfy its elements clause).

848(e)–cannot categorically qualify as "crimes of violence" absent the residual clause voided by *Davis* and within *Borden*'s *mens rea* requirement. The modified categorical approach, which is available as to Mr. Tipton's § 1959 convictions, does not alter that conclusion. And the "case-specific and fact-intensive determination" this Court has adopted to discern whether the jury based its § 924(c) verdict on a valid predicate yields "more than a reasonable possibility"[13] that the jury's § 924(c) verdicts rested on invalid predicates. The trial record does not specify which of the many possible predicates listed were relied upon by the jury. It indicates that § 848(e) was presented to the jury as a crime of violence, and not as a drug trafficking crime. And it does not establish that a gun was used during the commission of Mr. Tipton's drug trafficking offenses.

The district court did not engage with Mr. Tipton's arguments as to his § 1959 convictions. It denied relief on the ground that Mr. Tipton's 848(e) predicate convictions were *both* crimes of violence and drug trafficking crimes. (JA134.) It also relied upon inapposite authority to deem a § 846 conviction vacated by this Court a valid predicate, and suggested that Mr. Tipton's concurrent appeal seeking First Step Act relief for his §

---

[13] *Said*, 26 F.4th at 662.

848(e) sentences concedes that those convictions are drug trafficking offenses. As "reasonable jurists could debate"[14] the district court's adjudications, which are contradicted by both this Court's precedent and the record in this case, a COA should issue. Review and relief should follow.

## STANDARD OF REVIEW

An appellant is entitled to a COA if they can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where "reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further," a COA should issue. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). A "court of appeals should limit its examination to a threshold inquiry into the underlying merit of [the] claims" and not "place[] too heavy a burden on the prisoner at the COA stage." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017); see also *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003).

---

[14]*Slack*, 529 U.S. at 483.

On appeal from the denial of a § 2255 motion, this Court reviews the district court's legal conclusions *de novo*. *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021).

**ARGUMENT**

**I.      AFTER *DAVIS* AND *BORDEN*, MR. TIPTON'S § 924(C) CONVICTIONS CAN NO LONGER BE SUSTAINED.**

Section 924(c) prohibits "us[ing]" a firearm "during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(1)(A). It is "a combination crime" in that it "punishes the temporal and relational conjunction of *two separate acts*."  *Rosemond v. United States,* 572 U.S. 65, 69 (2014) (emphasis added).  Accordingly, the jury must find *each* of those separate acts: "the commission of an underlying crime *and* the use of a firearm."  *Simms*, 914 F.3d at 237 (quoting *Smith v. United States*, 508 U.S. 223, 227-28 (1993)) (emphasis added).

After *Davis*, the first of these acts—the underlying "crime of violence"—cannot be found in Mr. Tipton's case.  At the time of Mr. Tipton's trial, § 924(c)(3) defined a "crime of violence" as a felony that:

(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). *Davis,* however, effectively struck the second of those definitions—§ 924(c)(3)(B), otherwise known as the residual clause—from the statute as unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. As a result, the residual clause, which was cited by the district court in its instructions to the jury, can no longer support Mr. Tipton's § 924(c) convictions.

Nor can the surviving elements clause; indeed, it never could have. To qualify as a "crime of violence" under the elements clause, the "use of...force" must satisfy two requirements. First, the charged crime, as described *in the statute* (and not as events actually played out), must involve *violent* force—that is, "strong physical force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. 133, 140 (2010). Second, the use of such force—again, as a statutory element—must be *intentional,* not merely reckless or negligent. *Borden*, 141 S. Ct. at 1834 ("[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under ACCA"); *see also Garcia v. Gonzales,* 455 F.3d 465, 469 (4th Cir. 2006) ("recklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'"). Because at least one—if not all—of Mr. Tipton's convictions fail to satisfy

13

the requirements of the elements clause, his § 924(c) convictions cannot be sustained.

A.   **Under the Categorical and Modified Categorical Approaches, There is "More Than a Reasonable Possibility" that Mr. Tipton's § 924(c) Convictions Rest on Invalid Predicate Offenses.**

"To decide whether an offense satisfies the elements clause" of § 924(c), "courts use the categorical approach." *Borden*, 141 S. Ct. at 1822; see also *United States v. Evans,* 848 F.3d 242, 245–46 (4th Cir. 2017); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).  This purely legal analysis requires the courts "to look to whether the statutory elements of the offense *necessarily require* the use, attempted use, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (*en banc*) (emphasis added).  And the courts must "look *only* to the statutory definitions—*i.e.*, the elements—of a defendant's [offense] and *not* to the particular facts underlying [the offense]." *Simms,* 914 F.3d at 233 (emphases added).

In other words, after *Davis*, an offense does not qualify as a "crime of violence" under the categorical approach "unless the *least* serious conduct it covers falls within the elements clause[.]" *Borden*, 141 S. Ct. at 1832

(emphasis in original).[15] "When a statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of violence under the force clause." *Simms*, 914 F.3d at 233.

When the statute at issue is *divisible*—in the sense that it contains multiple offenses, as opposed to alternative ways of committing a single offense—the court may employ the "modified categorical approach" and consult a select few documents to help "'determine what crime, with what elements,' formed the basis of a defendant's conviction." *United States v. Mathis*, 932 F.3d 242, 264 (4th Cir. 2019) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)).  These documents, known as *Shepard* documents, are generally limited to the indictment, jury instructions, and

---

[15] *See also United States v. Torres-Miguel,* 701 F.3d 165, 167 (4th Cir. 2012) (abrogated on other grounds by *United States v. Allred*, 942 F.3d 641, 653 (4th Cir. 2019)); *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008) ("We look only to the statutory definition of the…crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence'"); *see also United States v. Davis*, No. 4:18-cr-00011, 2019 WL 3307235 at *9 (W.D. Va. July 23, 2019) (quoting *Descamps v. United States*, 570 U.S. 254, 260–61 (2013)) ("[T]he key consideration is whether the state statute 'sweeps more broadly than the generic crime.'  If the state statute is broader, and is applied to capture non-violent conduct, the conviction in question cannot serve as the predicate § 924(c) 'crime of violence' regardless of whether the defendant's actual conduct violates the generic form of the offense.").

verdict form.  *See Shepard v. United States*, 544 U.S. 13, 26 (2005).  The modified categorical approach "acts not as an exception [to the categorical approach] but instead as a tool" to facilitate its inquiry, which remains confined to the *elements* of the crime and *not* the facts of the case. *Descamps*, 570 U.S. at 261-262.

Under the modified categorical approach, an offense cannot serve as the predicate for a § 924(c) conviction unless the *Shepard* documents establish with "certainty" that the defendant was "*necessarily*" convicted of an offense that meets its surviving definition for a crime of violence. *Shepard*, 544 U.S. at 21.  The "plausibility or even likelihood" that the defendant was convicted of a qualifying crime of violence is not enough. *United States v. Clay*, 627 F.3d 959, 967 (4th Cir. 2010).  This bar is set purposefully high to protect against the kind of "evidentiary inquiries into the factual basis for the conviction" that the categorical approach eschews. *Shepard*, 544 U.S. at 21, 22; *Fuertes*, 805 F.3d at 498.

When it cannot be conclusively determined that the defendant was convicted of an offense that categorically qualifies as a "crime of violence," courts should assume that he was convicted of only the "least serious" conduct criminalized by the underlying statute.  *See United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012) (looking to only the "the least

serious of the statutory conduct" to determine crime to which defendant pleaded guilty).[16] And when multiple potential predicates are put before the jury—as in Mr. Tipton's case—a § 924(c) conviction cannot be sustained if there is "'more than a reasonable possibility' that the jury only found [the defendant] guilty" of his 924(c) offenses based upon the invalid predicates. *United States v. Said*, 26 F.4th 653, 662 (4th Cir. 2022).

To assess that possibility, this Court requires a "case-specific and fact-intensive determination" into what the jury was instructed and what it found. *United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021). In *Ali*, this Court reviewed for plain error a challenge to a § 924(c) conviction where the trial court had authorized the jury to convict him on either of two closely intertwined predicate offenses: one a categorical crime of violence; the other not. *Ali*, 991 F.3d 561, 574-76. To determine whether the § 924(c) conviction could stand in light of the invalid predicate, this Court conducted that "case-specific and fact-intensive determination" and found

---

[16]*See also United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (*en banc*) ("[I]n trials by jury, it has been established that a defendant convicted under a conjunctively charged indictment cannot be sentenced–in the absence of a special verdict form identifying the factual bases for conviction."); *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) (alterations in original) ("We must presume Ortiz's conviction rested upon nothing more than the least of the acts criminalized" (cleaned up; quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1680 (2013)).

an "overwhelming weight" of uncontroverted evidence establishing that the defendant had committed the valid predicate offense while providing and carrying firearms. *Id.* (emphasis added) (internal citations and quotations omitted).

But an application of these approaches and standards to Mr. Tipton's case yields no such certainty. Mr. Tipton's § 924(c) offenses were charged based alternately on his convictions for drug-trafficking, as charged under 21 U.S.C. §§ 846 and 848(a), *or* crime of violence killings, as charged under 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 1959. None of these predicates can sustain his § 924(c) convictions. As detailed *infra*, § 848(e)(1)(A) and 18 U.S.C. § 1959 are not categorically crimes of violence after *Davis* and *Borden*, and there is little corroboration—much less the "overwhelming" record evidence or "strong proof" found in *Ali*—that Mr. Tipton used a firearm in the commission of the drug-trafficking offenses, which are the only remaining valid predicates. Given those legal defects and gaps in the record, "reasonable jurists could debate"[17] whether there is "more than a

---

[17]*Slack*, 529 U.S. at 483.

reasonable possibility"[18] the jury's § 924(c) verdicts rested on invalid predicates and must be overturned. A COA should issue.

### B. Section 1959 is Not Categorically a "Crime of Violence."

Each of Mr. Tipton's § 924(c) convictions identified his § 1959 offenses as possible predicates. But § 1959's statutory language sets forth *multiple crimes*, including but not limited to: murder; maiming; attempt to commit the foregoing; or *conspiracy* to commit the foregoing. 18 U.S.C. § 1959(a). Given the categorical approach's requirement that this Court ask whether the "least serious"[19] or "most innocent conduct" criminalized by the statute "qualifies as a crime of violence,"[20] this Court must assume that Mr. Tipton was convicted of conspiracy, which it has already held is not categorically a crime of violence. *United States v. McCollum*, 885 F.3d 300, 307-09 (4th Cir. 2018); see also *Quinteros v. Attorney General of the United States*, 945 F.3d 772, 783 (3rd Cir. 2019) (conspiracy under § 1959(a) is not a crime of violence because an individual can be convicted

---

[18] *Said*, 26 F.4th at 662.

[19]*See United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012)

[20]See *Torres-Miquel*, 701 F.3d at 167 (4th Cir. 2012); *Moncrieffe*, 569 U.S. at 190-91.

"without the use, attempted use, or threatened use of physical force").

As § 1959 is a divisible statute, this Court can apply the modified categorical approach in this inquiry. But the jury instructions and other *Shepard* documents identify as many as *four* types of § 1959 conduct—each of which fails to qualify categorically as a § 924(c) "crime of violence" following *Davis*.

### 1. § 1959 conspiracy is not categorically a "crime of violence."

Mr. Tipton's § 1959(a) convictions cannot serve as predicates for his § 924(c) offenses because his jurors were permitted by its statutory language—and instructed by the trial court—to convict him if they found that he had *conspired* to commit any of the multiple offenses listed in the statute.

As noted above, 18 U.S.C. § 1959 includes conspiracy to commit any of the multiple crimes listed in the statute, the most innocent of which is conspiracy. Applying the categorical approach is straightforward; this Court has already established en banc that conspiracy does not categorically qualify as a "crime of violence" and cannot support a § 924(c) conviction. *Simms*, 914 F.3d at 233-34; *see also, e.g., United States v. Simmons*, 11 F.4th 239, 260 (4th Cir. 2021) (aggravated "RICO conspiracy is not categorically a crime of violence"). "[T]o convict a defendant of [a

20

conspiracy] offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the [statute at issue]. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force." *Simms*, 914 F.3d at 233-34.

Shifting to the modified categorical approach only underscores that there is "more than a reasonable possibility" that the jury relied upon conspiracy as the predicate offense. Indeed, Mr. Tipton's trial court specifically instructed Mr. Tipton's jury that it could base its finding of guilt on the crime charged *or* on "*conspir[acy]* to commit the crime charged in the particular count under consideration." JA1524-1525. The trial court further instructed the jury that it needed to find only two elements to convict Mr. Tipton of conspiracy. First, "that two or more persons in some way or manner, positively or tacitly, came to a mutual understanding to try to accomplish a common and unlawful plan as charged in the indictment." JA1516. Second, "that the defendant knowingly and willfully became a member of such a conspiracy." JA1516. A nearly boundless spectrum of conduct *and* culpability could satisfy elements as vague and broad as these. It is thus impossible to know whether Mr. Tipton's jury found him guilty of § 924(c) based upon a crime itself or upon the conspiracy to commit it—or,

for that matter, the precise degree of responsibility the jury ultimately

assigned to him.[21]

> ### 2. After *Davis*, Mr. Tipton's § 924(c) convictions can no longer rest on § 1959 murder or maiming offenses.

Even if conspiracy had not been included as an underlying offense,

Mr. Tipton's § 1959 counts would not stand up to the categorical, elements-

based approach that *Davis* requires. In the first place, because Mr. Tipton

was not charged with—much less convicted of—a violation of the federal

murder statute, 18 U.S.C. § 1111, there is no defined offense of "murder" to

which the categorical approach could be applied. And the modified

categorical approach fares no better. None of the documents that the Court

might consult pursuant to that approach—not Mr. Tipton's indictment, his

jury instructions, or his special verdict form—references § 1111 or *any*

---

[21] *United States v. Runyon*, 707 F.3d 475, 497 (4th Cir. 2013) (quoting *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) ("Our analysis is governed, first and foremost, by the 'almost invariable assumption of the law that jurors follow their instructions.'"); *see also United States v. Hager*, 721 F.3d 167, 189 (4th Cir. 2013) ("Without any evidence to the contrary, we must assume that the jury followed the instructions given to it by the court"); *United States v. McCall,* Cr. Act. No. 3:10CR170-HEH*,* 2019 WL 4675762, at *7 (E.D. VA September 9, 2022) (vacating § 924(c) conviction because conspiracy could not qualify as a § 924(c) predicate and the "liability in [the § 924(c) count] could have been based on committing assault with a dangerous weapon by either unlawful or malicious wounding or brandishing or conspiring to commit those offenses").

specific charge or statute for murder to which the categorical approach could be applied. D.159:25-37.

This matters because, after *Borden*, the level of *mens rea* needed for a crime of violence is "a purposeful or knowing mental state," 141 S. Ct. at 1830, which "excludes conduct, like recklessness, that is not directed or targeted at another," *ibid* at 1833. See also *United States v. Townsend,* 886 F.3d 441, 444–45 (4th Cir. 2018) ("'Use' of force means to act with a *mens rea* more culpable than negligence or recklessness."); *United States v. McNeal*, 818 F.3d 141, 154-55 (4th Cir. 2016) ("Although *Leocal* reserved the question of whether a reckless application of force could qualify as a 'use' of force, we answered that question two years later by ruling that recklessness was not enough"); *see also United States v. Allred*, 942 F.3d 641, 652 (4th Cir. 2019) ("[A]n offense will not have as an element the 'use' of force sufficient to qualify as a violent felony if it does not have the requisite level of *mens rea*."); *United States v. Middleton*, 883 F.3d 485, 497 (4th Cir. 2018) ("The difference in mental states distinguishes the reckless causation of death . . . that cannot constitute a "use ... of physical force," from the intentional causation of injury . . . that constituted "use of ... physical force.") (Judge Floyd, writing for the plurality); *Popal v. Gonzales*, 416 F.3d 249, 254 (3d Cir. 2005) (holding that a court may not

assume a *mens rea* greater than "the minimum culpability required for a conviction under" the predicate statute and finding that, because the predicate statute "requires a *mens rea* of recklessness, rather than intent, it is not a crime of violence under § 16(a)"). Accordingly, a crime that could be committed without intent sweeps more broadly than § 924(c) allows and cannot qualify as a "crime of violence" under the elements clause. *Garcia*, 455 F.3d at 468 ("[The predicate state statute] does not contain an element that there be the intentional employment of physical force against a person or thing, and thus is beyond the scope of 18 U.S.C. § 16(a)").

An elements-based analysis of a murder statute can only occur where there is a statute to analyze. And the lack of any reference to any specific murder statute in Mr. Tipton's case makes it *impossible* to determine whether the most innocent conduct criminalized by his § 1959 convictions requires the *mens rea* necessary to satisfy § 924(c)'s surviving elements clause. *See Paul v. Superintendent*, No. 2:13-cv-00304, 2022 WL 3043526, at *7 (S.D. Ind. Aug. 2, 2022) (underlying predicate could not satisfy *mens rea* per *Borden* because the "indictment and jury instructions did not reference—or include the elements of—any statutory offense as a predicate for his § 924(c) charge").

While this Court has ruled that some second-degree murder statutes can categorically qualify as "crimes of violence," the statutes at issue in those cases were 1) specified and thus available for an elements-based analysis, and 2) rested upon that analysis's conclusion that those statutes required intent. In *In re Irby*, for example, this Court examined a defendant's convictions for retaliatory murder under 18 U.S.C. §§ 1513 and 1111. 858 F.3d 231, 234 (4th Cir. 2017).[22] As a specific murder statute could be identified for analysis, the court was able to determine that each of the necessary elements to constitute a "crime of violence"—including the *mens rea* element—were present in § 1513. *In re Irby*, 858 F.3d at 234 (Section 1513 "makes it an offense to intentionally kill another person in retaliation" (emphasis added)). Similarly, in *United States v. Parrish*, the defendant's conviction for second-degree murder was pursuant to North Carolina law, which "is proved by intentional conduct." 767 Fed. Appx. 440, 442 (4th Cir. 2019) (quotation omitted). But no such analysis is possible here because nothing in Mr. Tipton's record specifies a murder statute that categorically qualifies as a crime of violence. Accordingly, this

---

[22]The defendant in *Irby* was also convicted of 18 U.S.C. § 1111, which this Court described as *setting forth the punishment for a violation of § 1513. In re Irby*, 858 F.3d 231, 234 (4th Cir. 2017).

25

Court has no way to identify and analyze the elements of the "murder" relied upon by the jury in reaching its verdict.

Also, both §§ 1959(a)(1) and 1959(a)(2) categorically fail to qualify as "crime[s] of violence" because, like a wide range of other offenses under state and federal law, its plain language criminalizes acts of *omission* that require *no* physical force, much less the "violent force" required by § 924(c)'s force clause. *See, e.g., United States v. Gomez,* 690 F.3d 194, 201 (4th Cir. 2012) (holding that a statute categorically fails to qualify as a "crime of violence" under element clause because "a defendant may be found guilty" under the statute "by committing an affirmative act or by neglecting to act, neither of which necessarily requires the use of physical force; *Torres-Miguel,* 701 F.3d at 169-70 (citing examples); *United States v. Mayo,* 901 F.3d 218, 227 (3d Cir. 2018) (holding that offense did not categorically qualify as a "crime of violence" under elements clause because convictions "have been upheld not because a defendant used physical force against the victim, but because serious bodily injury occurred, as with the deliberate failure to provide food or medical care"). *But see United States v. Rumley*, 952 F.3d 538 (4th Cir. 2020) (explaining, though in dicta,— "that the intentional infliction of bodily harm requires a use of physical force, *even if* the means used are indirect").

### 3. Maiming is not categorically a crime of violence and thus cannot support Mr. Tipton's § 924(c) convictions.

An analysis of Mr. Tipton's "maiming" charges yields the same conclusion. The indictment fails to identify a particular statute defining maiming, and the jury instructions say even less about maiming than they do about murder. In fact, they reference the counts by number only and do not even describe them. As a result, it is *impossible* to determine whether Mr. Tipton was convicted of maimings that would categorically qualify as "crimes of violence."

Additionally, maiming under § 1959(a)(2) suffers from the same defects as murder: it criminalizes acts of omission that require no physical force whatsoever. Maiming is an assault, which itself does not require actual violent physical force. *See United States v. Royal,* 731 F.3d 333, 341 (4th Cir. 2013). Nor does the intent element of maiming convert assault into a "violent felony," as it can be accomplished merely by *causing* injury rather than the use of strong physical force. *See Torres-Miguel,* 701 F.3d at 168 (holding that the threat of *any physical injury,* even "serious bodily injury or *death,"* does not necessarily require the use of physical force—let alone "violent force").

### 4. Mr. Tipton's 924(c) convictions cannot rest on assault resulting in serious bodily injury, which is not categorically a crime of violence.

Count 26 charged Mr. Tipton with "assault resulting in serious bodily injury." *Verdict, 22a. Because no intent is required for such a conviction, this is not categorically a crime of violence; it cannot support a conviction under § 924(c)(1)(A). *See United States v. Knife*, 592 F.2d 472, 482 (8th Cir. 1979) ("Section 113(f) requires only that the assault shall have resulted in serious bodily harm; the assault need not have been committed with a dangerous weapon, or with intent to do bodily harm").

### 5. The District Court Declined to Address These Arguments.

For its part, the district court did not engage with any of Mr. Tipton's arguments concerning his § 1959 offenses, asserting that "[g]iven the many unquestionably valid predicates for Defendant's§ 924(c) convictions, no need exists to assess whether the racketeering crimes could serve as crime of violence predicates for the § 924(c) convictions." JA147. As detailed below, this is incorrect.

### C. Mr. Tipton's § 848(e)(1)(A) Convictions Also Fail to Qualify Categorically as "Crimes of Violence" under § 924(c).

Mr. Tipton's convictions under § 848(e)(1)(A) likewise do not categorically qualify as crimes of violence under § 924(c)(3)(A) because

they do not require 1) the intentional 2) use of any physical force by the defendant.

First, the *mens rea* required for § 848(e)(1)(A) allows for an intent of "extreme recklessness/grave risk of death," a level that falls short of the intent required for a crime of violence under *Borden, supra. See e.g., United States v. Alvarez*, 266 F.3d 587 (6th Cir. 2001) (permitting a jury instruction for § 848(e) that included a *mens rea* of recklessness creating grave risk of death). Similarly, the Modern Federal Jury Instructions include language regarding a "grave risk of death."[23] The "risk" of death does not involve the *intentional* use of physical force.  See also, *United States v. Winston*, 55 Fed. App'x 289, 300-01 (6th Cir. 2003) (upholding a murder instruction that allowed for conviction based on a *mens rea* of extreme recklessness, a question left open by *Borden*.)

Second, § 848(e)(1)(A) authorizes a conviction for any person who, *inter* alia, "counsels, commands, induces, procures, or causes the intentional killing of an individual" in furtherance of a CCE.  None of these

---

[23] Instruction 56-53 includes as the required intent that the defendant "intentionally engaged in conduct *that the defendant knew would create a grave risk of death to [the victim] and resulted in the death of [the victim].*" See 3 Modern Federal Jury Instructions-Criminal P 56.07 (emphasis added). While the jury is instructed that some conduct must be intentional, it does not require the intentional use of force.

actions – counseling, commanding, inducing, procuring, or causing a killing – necessitates the use of force. Like conspiracy, they require only interaction with others regarding the underlying actions. *Simms*, 914 F.3d at 233-34 (such third-party interactions do "not invariably require the actual, attempted, or threatened use of physical force"). We do not know the predicate offense on which the jury relied. But the jury could have relied upon his § 848(e) convictions and, as that statute is indivisible, this Court must assume his § 848(e) conviction rested on the "least serious of the disjunctive statutory conduct"—e.g., counseling his co-defendants. *United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012). Therefore, a violation of § 848(e) would not categorically qualify as a "crime of violence" and cannot serve as the predicate for Mr. Tipton's § 924(c) convictions.[24]

---

[24]The modified categorical approach is not applicable here, as § 848(e)(1)(A) is not a divisible statute. But the *Shepard* documents only underscore the ambiguity of the jury's finding. The indictment alleged that Mr. Tipton both "killed" *and* "counseled, commanded, induced, procured, and caused" the killing. The jury instructions allow for a finding of guilt if Mr. Tipton "*either* intentionally killed, *or* counseled, commanded, induced, procured, *or* caused" the killing. Tr. 3217 (emphasis added). The jury was never directed to pick one or the other, and the Court "must assume that the jury followed the instructions given to it by the court." *Hager*, 721 F.3d at 189. The special verdict form offers no clarity, simply referring to the "killing" without asking the jury to choose or identify the role it found Mr. Tipton had played. JA85, JA88-90.

### 1. The District Court Erred in Deeming Mr. Tipton's 848(e) Offenses Crimes of Violence And Drug Trafficking Crimes.

In denying Mr. Tipton relief, the district court asserted that his § 848(e) convictions "constitute both drug trafficking convictions and crimes of violence." JA134. An analysis of the case law and a "case-specific and fact-intensive determination" such as this Court promulgated in *Ali*, 991 F.3d at 574, and *Said* demonstrates that the district court erred in both respects.

### a. Mr. Tipton's 848(e) Offenses Were Not Prosecuted as Drug Trafficking Crimes.

The district court concluded that "'[a] CCE conviction requires proof that the defendant...committed felony violations of federal narcotics laws.'" JA149 (quoting *United States* v. *Roane,* 2020 WL 6370984, at *11 (E.D. Va. Oct. 29, 2020). The district court then cited this Court's direct appeal opinion for the proposition that "a substantive connection [between the murder and the drug offense] must be implied as an essential element of§ 848(e)." JA149 (citing *Tipton,* 90 F.3d at 887, n.13.)

But requiring *a connection* to a "drug offense" is not tantamount to its prosecution and presentation to the jury *as* a drug trafficking offense.[25] While an § 848(e) offenses *can also* be categorized as a drug-trafficking crime, there is nothing in the record to indicate that it was treated as such by Mr. Tipton's jury, or that it was accordingly used as an alternative ground for his § 924(c) convictions.  This Court's precedent prior to *Davis* and *Borden* holding that "§ 848(e) clearly sets forth a *separate* substantive violent offense" does not suggest that the jury necessarily found it to be a drug trafficking offense.  *United States v. NJB*, 104 F.3d 630, 635 (4th Cir. 1997) (emphasis added); *see also United States v. Turner*, 198 F.3d 425, 432 (4th Cir. 1999) (§ 848(e)(1)(A) is "a substantive crime of violence"). When instructing Mr. Tipton's jury, the trial court stated that "[t]he term 'drug trafficking crime' means an offense that is a felony and involves the *distribution, manufacture, or importation* of any controlled substances, or the conspiracy to *distribute, import, or manufacture* controlled substances"— language that does not invoke murder. JA1526 (emphases added). Nor did the instructions state that Mr. Tipton's 848(e) offenses

---

[25]It is not difficult to conceive of crimes that would "implicate" drug trafficking but are not themselves drug trafficking crimes, such as money laundering or tax evasion.

were "drug trafficking crimes"; as noted supra, they instead lumped those counts, by number only, within a laundry list of *25 charges* they described collectively as "crimes of violence *or* drug trafficking crimes." JA1526. (emphasis added). For its part, the Government used the phrase "drug trafficking" a single time in closing argument, and only while discussing the murder of Douglas Moody, which was not cited as a predicate offense for Mr. Tipton's 924(c) convictions.[26]  By contrast, the Government's discussion of Mr. Tipton's 848(e) predicates focuses on their "violence" and lurid details. See, e.g., JA1420 (characterizing the 848(e) predicates for Count 20 as "[t]he *violence* continu[ing]").

Nor does this Court's description, in its direct appeal opinion, of the killings as "*in relation* to [the defendants'] drug trafficking operation" support the jury viewing these offenses as themselves "drug trafficking"; on the contrary, the use of "relation" recognizes that these offenses were, if connected, nonetheless separate.  *United States v. Tipton*, 90 F.3d 861, 868

---

[26]"Also charged, beginning with the Doug Moody murder which we will talk about next, is use of a firearm during a drug trafficking crime or a crime of violence. It couldn't be any more simply stated than that. If you find them guilty of murdering the people as the evidence and as the government has argued, through the use of a firearm, they are guilty of that." JA1413.

(4th Cir. 1996). This Court also found that murders were committed "because [the victims] had *personally* offended one of the partners", which would not, in fact, connect directly to the drug trafficking. *Tipton*, 90 F.3d at 868.

In sum, there is nothing in the record to dispel the more than reasonable possibility that the jury predicated Mr. Tipton's § 924(c) convictions on § 848(e) offenses that they considered as crimes of violence, but which, in light of *Borden* and *Davis*, cannot qualify categorically as such.

### b. Mr. Tipton's First Step Act Litigation Does Not Characterize His § 848(e) Offenses As Drug Trafficking Predicates for His § 924(c) Convictions.

The district court misconstrues Mr. Tipton's litigation of his motion for sentencing relief under the First Step Act as a concession that his § 848(e) convictions are valid, "drug trafficking" predicates for his § 924(c) convictions. The district court first misstates Mr. Tipton's motion as claiming that his § 848(e) convictions were "covered offenses" within the meaning of the First Step Act "because they relied on drug trafficking

crimes." JA149. Mr. Tipton's motion makes no such assertion.[27] The district court next characterizes Mr. Tipton's oral argument before this Court while appealing the district court's denial of his First Step Act Motion as acknowledging that his § 848(e) convictions were drug trafficking offenses by arguing that the statute cannot "be separated out from Title 21, where it is placed" and that "it's absolutely regulating drug dealing." JA149. But the question of whether Mr. Tipton's § 848(e) offenses are "covered" within the meaning of the First Step Act turns entirely and exclusively on whether the Fair Sentencing Act modified its "statutory penalties." *Terry v. United States*, 141 S. Ct. 1858, 1863 (2021). That inquiry in no way overlaps with the question of whether there is a more than reasonable possibility that his jury adjudged his § 848(e) offenses as crimes of violence, which cannot be sustained in light of *Borden* and *Davis*.

More critically, this Court's opinion affirming the denial of Mr. Tipton's First Step Act appeal—which issued subsequent to the district court's order—*rejected* the suggestion that Mr. Tipton's § 848(e) offenses were drug trafficking crimes. Indeed, this Court explicitly contrasted "the

---

[27]Pages 4-7 of Mr. Tipton's motion under the First Step Act, which the district court cite, appear in the Joint Appendix of his appeal to this Court from its denial. *United States v. Tipton*, Record Number 20-16, See Doc. 16, at pages 12-15.

offenses modified by the Fair Sentencing Act" as "involv[ing] the possession, production, or distribution of crack cocaine"—as opposed to § 848(e)(1)(A), which, "*on the other hand*, covers the intentional killing of another individual by any person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under 21 U.S.C. § 841(b)(1)(A) or 21 U.S.C. § 960(b)(1)." *Roane*, 51 F.4th at 548 (cleaned up) (emphasis added). This Court even quotes the district court as "correctly stat[ing]" that § 848(e)(1)(A) "creates 'a separate crime' of 'killing in furtherance of any one of three predicate offenses[.]'" *Id.* It next cites its decision in *NJB*, *supra*, for the proposition that § 848(e)(1) is a "'separate offense, not merely a penalty enhancement' for substantive CCE offenses. *Id.* (citing *NJB*, 104 F.3d at 633).

Mr. Tipton stands by his contention that his § 848(e) convictions are "covered offenses" because their *predicate offenses* include § 841(b)(1)(A), which was expressly modified by Section 2 of the Fair Sentencing Act. See *United States v. Thomas*, 32 F.4th 420, 428-29 (4th Cir. 2022) ("since the [Fair Sentencing] Act altered the drug quantities required to trigger the penalties for §§ 841(b)(1)(A) or 841(b)(1)(B), it also modified the drug quantities required to a sustain a conviction under § 848(b)" and § 848(e); the Act thus "modified the statutory penalties applicable to §§ 848(b) and

(e)"). But that question turns exclusively upon an analysis of the "the statutory penalties for petitioner's offense." *Terry*, 141 S.Ct at 1863. It does not implicate—much less foreclose—the "case-specific and fact-intensive determination"[28] of *what the jury was asked to find* that this Court has promulgated to answer an altogether different question: whether there is "'more than a reasonable possibility' that the jury only found [the defendant] guilty" of his 924(c) offenses based upon...invalid predicates."[29] The district court's suggestion that posing one question forecloses the other misunderstands both.

### c. Mr. Tipton's § 848(e) Offenses Do Not Satisfy § 924(c)'s Elements Clause

While acknowledging the categorical approach, the district court cites three of this Court's decisions for the proposition that "[b]ecause CCE Murder necessarily results in death, it satisfies the physical force element of a crime of violence." JA155-156 (citing *In re Irby*, 858 F.3d 231 (4th Cir. 2017) ("[M]urder is a crime of violence under § 924(c)'s force clause because it '[h]as an element the use, attempted use, or threatened use of

---

[28] *Ali*, 991 F.3d 561, 574 (4th Cir. 2021).

[29] *Said*, 26 F.4th at 662 (4th Cir. 2022).

physical force against the person'"); *United States v. Mathis*, 932 F.3d 242

(4th Cir. 2019) ("Murder 'requires the use of force capable of causing

physical pain or injury to another person' irrespective whether that force is

exerted directly or indirectly by a defendant"); and *Jackson*, 32 F.4th 278

(elements of offense require infliction of the elements of the offense require

infliction of "the greatest physical injury imaginable—death"). But the

district court does not engage with this precedent as the categorical

approach requires; it does not look to the *statutes of conviction at issue* in

those cases. *None* of the cases the district court cites – not *Irby, Mathis,* or

*Jackson* –addresses a killing defined by § 848(e). Nor can any of the

offenses at issue in *Irby, Mathis,* or *Jackson* be committed with anything

less than a *mens rea* of *specific intent*.[30] As detailed *supra*, killings under §

---

[30] *Irby* involved second-degree retaliatory murder under 18 U.S.C. § 1513(a)(1)(B), which requires "kill[ing] or attempt[ing] to kill another person with intent to retaliate." 858 F.3d at 234. *Mathis* involved commission of VICAR by committing first-degree murder under Virginia law, which requires the "willful, deliberate, and premeditated" killing of another. 932 F.3d at 265. *Jackson* focused on whether 18 U.S.C. § 1111 is a divisible statute before finding that premeditated first-degree murder satisfies the force clause, further acknowledging that felony murder under § 1111 does not satisfy the force clause because it does not require a *mens rea* greater than recklessness. 32 F.4th at 285-87. *Irby* and *Mathis* also pre-date *Borden*.

848(e) can be committed recklessly with "grave risk" of harm, which *Borden* disqualifies as crimes of violence under the force clause.

The district court also asserts that Mr. Tipton's "focus[] on the statute's prohibition on counseling, commanding, inducing, procuring or causing an intentional killing, rather than providing liability only for the person who carries out the killing….misconstrues the principles of aiding and abetting law." JA156. The district court first cites 18 U.S.C. § 2, which states that anyone who "aids, abets, counsels, commands, induces or procures" the commission of a federal offense "is punishable as a principal." JA156. The district court then cites *Ali* for the proposition that "aiding and abetting a crime of violence is also categorically a crime of violence." JA156. (citing 991 F.3d 561,574 (4th Cir. 2021)). Conjoining this authority, the district court concludes that it "sees no reason to treat a defendant who 'counsels, commands, induces, procures, or causes' differently for the categorical approach than one who 'aids and abets,' especially when Congress has instructed that all of those actions subject an offender to principal liability." JA156 (citing 18 U.S.C. § 2).  But the question of whether § 848(e)(1)(A) is a valid predicate offense does not implicate aiding and abetting law.  Instead, the district court is begging the question on

39

which its analogy depends: whether the "killing" prohibited by 848(e) is itself categorically a crime of violence.

In *Ali,* the question of whether the crime that the defendant had aided and abetted—Hobbs Act robbery—was itself "a crime of violence that satisfies § 924(c)'s force clause" had already been answered in the affirmative by this Court. *Ali,* 991 F.3d at 573 ("Hobbs Act robbery *itself* is a crime of violence") (citing *Mathis,* 932 F.3d at 265–66). Here, the "counsels, commands, induces, procures, or causes" language is embedded *within § 848(e) itself.* For the district court's syllogism to stand, the "killing" counseled, commanded, induced, procured, or caused would have to be its own separate offense, and one already deemed a crime of violence by this Court. That is not and could not be the case here, especially because (as discussed *supra*) the elements of this "killing" are nowhere—and by no state or federal statute—defined. *Ali* is inapposite, and the district court's reliance upon it is misplaced.

### d. Mr. Tipton's Vacated Section § 846 Is Not a Valid Drug-Trafficking Predicate.

The district court held that Mr. Tipton's § 846 conviction, which this Court vacated on direct appeal on double jeopardy grounds, nonetheless remains a valid drug-trafficking predicate. JA148. It bases that conclusion upon this Court's decision in *United States v. Hopkins,* which it cites for the

proposition that "a defendant's conviction under § 924(c) 'does not depend on his being convicted - either previously or contemporaneously - of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt.'" JA148 (citing 310 F.3d 145, 153 (4th Cir. 2002)).  But, as this Court wrote, "[i]n Hopkins' case, the jury was explicitly instructed on...*the* [singular] predicate offense, and the evidence was more than sufficient for the jury to find a violation of each and every element." *Hopkins*, 310 F.3d at 152.  Similarly, in *United States v. Crump*, 120 F.3d 462,466 (1997))), which *Hopkins* quotes, *a singular predicate offense* was identified as the "the drug trafficking crime relating to" the § 924(c) violation.  These circumstances are readily distinguishable from Mr. Tipton's, where there was no single predicate identified, but many, including (as discussed infra) offenses for which the jury could not *have even known* the elements of the crime, much less found them beyond a reasonable doubt, given the indictment's failure to charge or incorporate a murder statute.  Mr. Tipton submits that, under these facts, the multiplicity of invalid predicates and the manner in which they were presented to the jury establishes "more than a reasonable possibility" that the jury based his convictions on an invalid predicate even if the § 846 offense remained viable following its vacatur.

**D.** **There is No "Strong Proof" that Mr. Tipton Used a Firearm in Committing his Valid Drug Trafficking Offenses**

The district court incorrectly dismissed Mr. Tipton's assertion that there is no evidence in the record that he used a firearm in the commission of his valid drug trafficking offenses as "simply not true." JA147, n.6.  The evidence in the record does not demonstrate that Mr. Tipton *himself* used a firearm in the commission of *any* of the 848(e) offenses offered as predicates for his 924(c) convictions.

For the Section 924(c) offense charged in Count 20, the 848(e) predicates were that Mr. Tipton and defendants Cory Johnson and Jerry Gaiters "knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of" Bobby Long, Anthony Carter, and Dorothy Mae Armstrong in furtherance of a continuing criminal enterprise. Counts 17-19, Indictment at 13-15.  As this Court summarized on appeal, however, the evidence at trial showed that Mr. Tipton "waited in the car" while Mr. Johnson, accompanied by Mr. Gaiters went to the front door" of Mr. Long's house and, when Mr. Long opened the door, "opened fire, killing both Dorothy Armstrong and one Anthony Carter. Bobby Long fled out the front door, but was fatally shot by Cory Johnson in the front yard." *United States v. Tipton*, 90 F.3d 861, 869

(4th Cir. 1996). The Government emphasized in closing argument that "[t]here was one shooter in that house, according to ballistics. The Glock was used to kill all three of those people. Cory Johnson had the Glock that night." JA1421.

For the Section 924(c) offense charged in Count 26, the 848(e) predicates were that Mr. Tipton and defendants Mr. Johnson and Lance Thomas "knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of" Curtis Thorne and Linwood Chiles. Counts 24-25, Indictment at 17-18. As the Court summarized on appeal, however, the offenses stemmed from Mr. Johnson shooting both men inside the stationwagon in which they and he had been riding together, while Mr. Tipton, who had arrived in another vehicle, was "alongside the stationwagon….standing by." *Tipton*, 90 F.3d at 869. While the Government suggested that Mr. Tipton had also participated in the shooting, it acknowledged that Mr. Johnson's Glock was "the same Glock that ballistics have shown you unequivocally, unimpeachably, without a doubt, to be the gun that was used to kill Curt and Linwood[.]" JA1424.

And to the extent that Mr. Tipton's convictions under 848(a) could serve as predicates for his § 924(c) offenses, there is a similar paucity of

evidence that he used firearms in the commission of the drug trafficking. Given that, the likelihood that the jury even got so far as to ask whether Mr. Tipton used a firearm in the commission of the § 848(a) offenses and, therefore, whether they could serve as predicate offenses for his § 924(c) offenses, seems vanishingly small. Smaller yet is the possibility that, on this evidence, they would determine that the drug-trafficking itself was committed with the use of a firearm unanimously and beyond a reasonable doubt. See, e.g., *United States v. Heyward*, 3 F.4th 75, 84 (2d Cir. 2021) (vacating § 924(c) convictions where valid and invalid predicates were not "inextricably intertwined"); *United States v. Capers*, 20 F.4th 105, 125 (2d Cir. 2021) (vacating § 924(c) conviction where invalid RICO conspiracy and valid narcotics conspiracy predicates were not "intertwined"); *United States v. McClaren*, 13 F.4th 386, 413-14 (5th Cir. 2021) (vacating § 924 convictions where invalid RICO conspiracy predicate "involved acts of violence going beyond the [valid] drug conspiracy"); *Jones*, 935 F.3d at 273 (vacating § 924(c) convictions where "the [invalid] RICO conspiracy offense encompassed conduct beyond the [valid] controlled-substance conspiracy").

Eschewing harmless error review, the district court concluded that *"[c]ommon sense dictates that the jury had at least one of the[] valid

44

predicates in mind when it convicted Defendant on" the § 924(c) counts. JA159. The district court premised its "common sense" standard and conclusion on a misreading of *Said* as holding that an error is always harmless so long as there is at least one valid predicate. But that is not *Said*'s holding. 26 F.4th at 664. On the contrary, this Court expressly did "not hold that a challenge such as *Said*'s will never succeed." It instead set a standard of more than a reasonable possibility—a standard that Mr. Tipton has met. See, e.g., *Heyward*, 3 F.4th at 84; *Capers*, 20 F.4th at 125; *McClaren*, 13 F.4th at 413-14; *Jones*, 935 F.3d at 273.

The Second and Fifth Circuits have vacated § 924(c) convictions that rested upon both valid and invalid predicates, holding that where there is a genuine question as to whether a firearm was used in the "valid" predicate in question, relief must issue. *See, e.g., United States v. Laurent*, __F.4th__, 2022 WL 1217395, at \*15 (2d Cir. 2022) (vacating § 924(c) conviction because "[w]e cannot be [] confident that a properly instructed jury would have convicted" the defendant where jury "may have based" its § 924(c) conviction on an invalid predicate); *United States v. Heyward*, 3 F.4th 75, 84 (2d Cir. 2021) (vacating § 924(c) convictions where valid and invalid predicates were not "inextricably intertwined"); *United States v. Capers*, 20 F.4th 105, 125 (2d Cir. 2021) (vacating § 924(c) conviction

where invalid RICO conspiracy and valid narcotics conspiracy predicates were not "intertwined"); *United States v. McClaren*, 13 F.4th 386, 413-14 (5th Cir. 2021) (vacating § 924 convictions where invalid RICO conspiracy predicate "involved acts of violence going beyond the [valid] drug conspiracy"); *United States v. Jones*, 935 F.3d 266 (5th Cir. 2019) (vacating § 924(c) convictions where "the [invalid] RICO conspiracy offense encompassed conduct beyond the [valid] controlled-substance conspiracy"). That reasoning applies with equal force here.

## II. BECAUSE BOTH OF MR. TIPTON'S § 924(C) CONVICTIONS ARE INVALID AFTER *DAVIS*, MR. TIPTON IS ENTITLED TO BE RESENTENCED.

In *Said*, this Court held that the petitioner "pointed to nothing to eliminate the commonsense prospect that the jury relied on one or more of the valid predicates when it convicted him of the § 924 charges[.]" *Said*, 26 F.4th at 664. Here, by contrast, Mr. Tipton has pointed to many things.

In light of the foregoing analysis, Mr. Tipton's five § 924(c) criminal charges and two convictions are unconstitutional. As the Supreme Court recognized in *United States v. Tucker*, "the real question" for Mr. Tipton is "whether the sentence" for those of his convictions that remain in place "might have been different if the [jury] had known that at least two of [Mr. Tipton's] previous convictions had been unconstitutionally obtained." 404

U.S. 443, 448 (1972).  In keeping with *Tucker,* courts have held that a defendant must be resentenced on any valid convictions "unless it can be ascertained from the record that a [jury's] sentence on a valid conviction was not affected" by invalid convictions.  *Bourgeois v. Whitley,* 784 F.2d 718, 721 (5th Cir. 1986); *see also Jerkins v. United States,* 530 F.2d 1203, 1204 (5th Cir. 1976) (same); *James v. United States,* 476 F.2d 936 (8th Cir. 1973) (same).  Because this is a capital case, ascertaining whether the jury's sentence was affected by the invalid convictions must be guided by "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to *a special need for reliability* in the determination that death is the appropriate punishment in any capital case."  *Johnson v. Mississippi,* 486 U.S. 578, 584 (1988) (citation omitted) (emphasis added).  Indeed, because "[t]he decision to exercise the power of the State to execute a defendant is unlike any other decision citizens and public officials are called upon to make," the Supreme Court has made clear that "[t]he *possibility* that [a defendant's] jury conducted its task improperly certainly is great enough to require resentencing."  *Mills v. Maryland,* 486 U.S. 367, 383–84 (1988) (emphasis added).

In light of the Eighth Amendment's requirement of reliability in capital sentencing, "reasonable jurists could debate"[31] whether there is "more than a reasonable possibility"[32] that the jury's § 924(c) verdicts rested on invalid predicates and must be overturned.

## CONCLUSION AND PRAYER FOR RELIEF

For the above reasons, Appellant Richard Tipton, III, respectfully requests that this Court issue a COA as to the above-detailed claims and allow for the full presentation of their merits. Mr. Tipton submits that upon review, this Court should vacate his § 924(c) convictions and sentences.

## REQUEST FOR ORAL ARGUMENT

In light of the importance and complexity of the issues presented in this appeal, Mr. Tipton respectfully requests that this Court hear oral argument.

---

[31]*Slack*, 529 U.S. at 483.

[32]*Said*, 26 F.4th at 662.

Respectfully submitted on this, the 11th of April, 2023.

John G. Baker
Federal Public Defender for the
Western District of North Carolina

*/s/ Gerald W. King, Jr*
Gerald W. King, Jr.
Chief, Capital Habeas Unit
for the Fourth Circuit
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Direct: (704) 688-6946
E-mail: gerald_king@fd.org

Jeffrey Lyn Ertel
Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Jeff_Ertel@fd.org

Counsel for Richard Tipton, III.

# <u>CERTIFICATE OF COMPLIANCE</u>

1.    The foregoing brief has been prepared in a proportionally spaced typeface using Microsoft Word, Georgia, 14 point.

2.    Exclusive of the table of contents; table of citations; and the certificate of compliance, the foregoing brief contains <u>10,380</u> words.

3.    I understand that a material misrepresentation can result in the Court striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief with the word or line printout.

<u>*/s/ Gerald W. King, Jr*</u>
Gerald W. King, Jr.