CASE NO. 22-5

# IN THE

# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

RICHARD TIPTON, III,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT RICHMOND

**PETITION FOR REHEARING OR
PETITION FOR REHEARING *EN BANC***

John G. Baker
Federal Public Defender for the
Western District of North Carolina

Gerald W. King, Jr.
Chief, Capital Habeas Unit
For the Fourth Circuit
129 West Trade Street, Suite 300
Charlotte, NC 28202
704-374-0720
gerald_king@fd.org

*Counsel for Appellant*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES.....................................................................................ii

STATEMENT OF THE ISSUES MERITING REHEARING OR
    REHEARING EN BANC...........................................................................1

STATEMENT OF THE CASE..............................................................................3

ARGUMENT.........................................................................................................4

    A. *Thomas* conflicts with prior Circuit precedent............................................6

    B. *Thomas* violates the holding of *Borden* ......................................................11

    C. *Thomas* amplifies a circuit split ................................................................14

CONCLUSION ...................................................................................................17

CERTIFICATE OF COMPLIANCE ...................................................................19

CERTIFICATE OF SERVICE .........................................................................20

# TABLE OF AUTHORITIES

## Cases

*Alvarado-Linares v. United States,*
  44 F.4th 1334 (11th Cir. 2022) .................................................. 15, 16

*Borden v. United States,*
  593 U.S. 420 (2021) ................................................................ 1, 3, 12

*Flanders v. Commonwealth,*
  838 S.E.2d 51 (Va. 2020) ............................................................... 9

*Nicholson v. United States,*
  78 F.4th 870 (6th Cir. 2023) ........................................................ 14

*Thomas v. United States,*
  No. 23-1168 Supreme Court of the United States .........................2

*United States v. Davis,*
  588 U.S. 445 (2019) ........................................................................ 1

*United States v. Jackson,*
  32 F.4th 278 (4th Cir. 2022) ........................................................... 9

*United States v. Keene,*
  955 F.3d 391 (4th Cir. 2020) ................................................... 10, 11

*United States v. Kinard,*
  93 F.4th 213 (4th Cir. 2024) ............................................... 2, 11, 14

*United States v. Laurent,*
  33 F.4th 63 (2d Cir. 2022) ............................................................ 15

*United States v. Manley,*
  52 F.4th 143 (4th Cir. 2022) ..................................... 1, 6, 7, 8-9, 10

*United States v. Mathis,*
  932 F.3d 242 (4th Cir. 2019) ....................................................... 1, 8

*United States v. Morris,*
  61 F.4th 311 (2d Cir. 2023) .......................................................... 15

2

*United States v. Pastore*,
  36 F.4th 423 (2d Cir. 2022) ........................................................ 14-15

*United States v. Thomas*,
  87 F.4th 267 (4th Cir. 2023) ........................................ 2, 5, 9, 10, 11

*United States v. Toki*,
  23 F.4th 1277 (10th Cir. 2022) .............................................. 16, 17

*United States v. Umaña*,
  750 F.3d 320 (4th Cir. 2014) ........................................................ 13

*United States v. White*,
  7 F.4th 90 (2d Cir. 2021) .......................................................... 15, 16

*United States v. Zelaya*,
  908 F.3d 920 (4th Cir. 2018) ........................................................ 13

## Statutes

18 U.S.C. § 924 ............................................................................. *passim*

18 U.S.C. § 1111 ......................................................................................... 9

18 U.S.C. § 1512 ......................................................................................... 8

18 U.S.C. § 1959 ............................................................................. *passim*

18 U.S.C. § 1961 ......................................................................................... 6

21 U.S.C. § 846 ..................................................................................... 3, 4

21 U.S.C. § 848 ..................................................................................... 3, 4

28 U.S.C. § 2255 ................................................................................... 3, 4

Va. Code Ann. § 18.2-32 ........................................................................ 8

Va. Code Ann. § 18.2-33 ........................................................................ 9

Va. Code Ann. § 18.2-47 ........................................................................ 8

## STATEMENT OF THE ISSUES
## MERITING REHEARING OR REHEARING EN BANC

Mr. Tipton seeks review by the *en banc* court to resolve a conflict within this Circuit over how to determine whether an 18 U.S.C. § 1959(a) (VICAR) offense constitutes the "crime of violence" predicate necessary to support an 18 U.S.C. § 924(c) conviction, now that the Supreme Court has invalidated § 924(c)'s residual clause, *United States v. Davis*, 588 U.S. 445 (2019), and recognized a specific *mens rea* to satisfy § 924(c)'s remaining force or elements clause, *Borden v. United States*, 593 U.S. 420 (2021).

Under this Court's recent holdings in *United States v. Manley*, 52 F.4th 143 (4th Cir. 2022), and *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), when a § 924(c) conviction is predicated on a VICAR offense, a reviewing court must apply the categorical approach to the offense on which the VICAR offense itself is predicated, and determine whether that underlying offense is categorically a crime of violence. That analysis required the court to "look through" to the state or federal statute underpinning the VICAR offense and assess whether the underlying statute categorically requires the intentional or knowing use of violent force, as required by *Borden*.

1

In the recent case of *United States v. Thomas*, 87 F.4th 267 (4th Cir. 2023), however, a panel of this Court deviated from that precedent. The panel instead held that it could impute the required *mens rea* from VICAR's purpose element, thus satisfy *Borden* without considering the state or federal statute defining the VICAR offense at all.

The *Thomas* panel's approach has created confusion and inconsistency in subsequent cases, including this one. *See, e.g. United States v. Kinard*, 93 F.4th 213 (4th Cir. 2024) (Keenan, J., joined by Heytens, J., concurring) ("I am troubled by our elimination in *Thomas* of any distinction that Congress intended to create between certain substantive VICAR offenses and § 924(c) 'crimes of violence.'"). *Thomas* also created a split with other circuits that have addressed this question.[1]  This Court should grant *en banc* rehearing to resolve the intra- and inter- circuit split and to bring the Court's jurisprudence back in accord with *Borden*.

---

[1]Mr. Thomas has a petition for writ of certiorari pending in the Supreme Court of the United States. *Thomas v. United States*, No. 23-1168.

2

## STATEMENT OF THE CASE

Following a jury trial in the Eastern District of Virginia, Mr. Tipton was convicted of federal offenses that included two counts of using a firearm in relation to a crime of violence or a drug trafficking crime in violation of § 924(c). JA89-90. Mr. Tipton's indictment identified multiple counts as the predicate offenses for his § 924(c) offenses: murder and maiming in furtherance of racketeering under § 1959(a); and murder in furtherance of a continuing criminal enterprise under 21 U.S.C. § 848(e)(1)(A). JA76, JA79.

This matter arose following the Supreme Court's decision in *Davis*, which determined that the residual clause of § 924(c)(3)(B) is void for vagueness. Thus, a predicate offense could only remain a valid crime of violence if it satisfied § 924(c)(3)(A)'s surviving "force" or "elements" clause. Following *Davis*, Mr. Tipton timely applied to this Court for leave to file a successive motion under 28 U.S.C. § 2255 to vacate his § 924(c) convictions, alleging that the predicate offenses for those convictions did not qualify as crimes of violence under the force clause. Doc. 2-1, *In re Tipton*, 20-10. While that application was pending, the Supreme Court also decided *Borden*, in which it held that a § 924(c) crime of violence predicate must entail a *mens rea* of purposeful or knowing conduct. 593 U.S. at 429.

3

This Court granted Mr. Tipton's authorization motion and transferred his post-conviction application to the district court. Docs. 42-1 and 42-2, *In re Tipton*, 20-10. Mr. Tipton timely filed an amended Section 2255 motion (JA14-91), which the district court denied in an opinion and judgment (JA134-164) that also denied him a certificate of appealability ("COA"). This Court granted Mr. Tipton a COA. Doc. 25, *In re Tipton*, No. 22-5.

Following briefing and oral argument, the panel entered a joint opinion affirming the district court's opinions as to both Mr. Tipton and James Roane ("Appellants"). Appendix A ("Op."). This timely petition for panel rehearing or rehearing *en banc* follows.

## ARGUMENT

The panel here applied *Thomas*'s novel framework to hold that Appellants' VICAR offenses were valid crime-of-violence predicates to support their § 924(c) convictions.[2] It first cited *Thomas* for the proposition that VICAR's "purpose element" – which requires that the offense be

---

[2] Because the panel held that Appellants' VICAR offenses served as valid crime of violence predicates, it did not address whether the alternate § 846 and § 848(e) offenses still qualified as valid predicates following *Davis* and *Borden*. Op. at 33.

4

"committed for a pecuniary purpose or for the purpose of gaining entrance to or maintaining or increasing position in the enterprise" – renders "the use of force in a VICAR murder…both purposeful and knowing." Op. at 26. The panel quoted *Thomas* to assert that "'[i]t would be indefensible to hold that a defendant who committed [a VICAR murder or another VICAR offense] for the purpose of improving his position in a racketeering enterprise did so recklessly,'" and held that VICAR murder "therefore carries with it a requisite *mens rea* that is greater than recklessness, as required by *Borden*." *Id.* (quoting *Thomas*, 87 F.4th at 274). The panel also cited *Thomas* as "roundly reject[ing]…the proposition that the proper § 924(c) 'crime of violence' analysis of a VICAR offense requires a court to 'look through' the VICAR statute to the underlying violation of state or federal law." Op. at 28.

The panel's holding extends *Thomas*'s contradiction of prior circuit precedent as well as the Supreme Court's holding in *Borden*; it is also out of step with other circuits that have addressed this issue. This Court should grant rehearing *en banc*.

## A. *Thomas* **conflicts with prior Circuit precedent.**

The panel's holding in *Thomas*—and here—conflicts with how this Court previously conducted the categorical "crime of violence" analysis as to VICAR offenses.

To obtain a conviction under § 1959(a), the Government must prove the following elements:

> (1) that there be an "enterprise," as defined in § 1959(b)(2); (2) that the enterprise be engaged in "racketeering activity," as defined in 18 U.S.C. § 1961; (3) that the defendant have committed an assault "with a dangerous weapon" or "resulting in serious bodily injury"; (4) that the assault have violated state or federal law; and (5) that the assault have been committed for a designated pecuniary purpose or "for the purpose of gaining entrance to or maintaining or increasing position in [the] enterprise."

*Manley*, 52 F.4th at 147 (quoting § 1959(a)(3)).

Prior to *Thomas*, this Court applied the categorical "crime of violence" analysis to VICAR predicates by looking through to the underlying state or federal statute—incorporated via element (4)—to determine whether that statute categorically required the intentional or knowing use of violent force.

In *Manley*, for instance, this Court was asked to determine whether the defendant's VICAR assault and VICAR murder convictions qualified as valid predicate "crimes of violence" under § 924(c)'s force clause. This Court

6

explicitly rejected Manley's argument that it "should not consider the elements of the state statute … to determine whether the VICAR assault offense is a crime of violence because the predicate crime of violence … was VICAR assault, not Virginia assault." *Manley*, 52 F.4th at 148.  As the Court explained, "this argument overlooks element (4) of VICAR assault, which requires that the assault be 'in violation of the laws of any State or the United States.'" *Id.* (quoting § 1959(a)).  Accordingly, the Court concluded, "because the Virginia offense constitutes an element of the VICAR offense, it is proper to examine whether a conviction under the Virginia statute would be a crime of violence." *Id.*  The Court then analyzed the Virginia statutes underlying Manley's VICAR convictions to determine whether they required a purposeful or knowing *mens rea* element so as to satisfy *Borden*.  *See id.* at 149 (Virginia assault statute satisfies *Borden* because it "requir[es] proof of 'specific intent'"); *id.* at 150 (Virginia murder statute satisfies *Borden* because it incorporates a *mens rea* of "extreme recklessness").

*Manley* thus holds that the *mens rea* of the underlying state or federal offense is incorporated as an element of the VICAR statute. In other words, *Manley* explicitly rejects *Thomas*'s holding that courts can ignore the elements of the underlying offense and look only to the VICAR statute's *mens rea*.

Similarly, in *Mathis*, this Court analyzed the elements of the Virginia first-degree murder and kidnapping statutes and the federal witness tampering statute to determine whether the VICAR convictions they underlay qualified as valid predicate crimes of violence. 932 F.3d at 264-67. Conducting this analysis separately as to each underlying statute, the Court concluded that murder under Virginia Code Section 18.2-32 and witness tampering under 18 U.S.C. § 1512(a)(1)(C) satisfied the force clause, while kidnapping under Virginia Code Section 18.2-47 did not. *Id.* This Court thus vacated the defendants' § 924(c) convictions that were predicated on their VICAR convictions for kidnapping under Virginia law. *Id.* at 268.

In this case, Appellants' VICAR charges failed to incorporate *any* federal or state statute. *See* Op. at 27, n. 9 (acknowledging that "the VICAR murder charges did not specify any state or federal law that the murders allegedly violated"). Accordingly, applying *Manley* and *Mathis* to this case, Appellants' VICAR offenses fail to qualify as valid predicate crimes of violence because there is no underlying statute to which the categorical approach could be applied. *See Manley*, 52 F.4th at 148 ("To properly charge a VICAR assault, [] the government must identify a specific state or federal

8

law that the defendant violated by engaging in the conduct underpinning the VICAR offense.").[3]

But in *Thomas,* the panel made an about-face from the Court's established precedent by holding that *any* VICAR offense satisfies *Borden,* without regard to the elements of the state or federal statute underpinning it, simply because a separate element of every VICAR offense is that the defendant had a racketeering purpose. 87 F.4th at 274 ("The VICAR statute's purposefulness requirement applies to *every offense* in § 1959(a), including murdering and maiming." (emphasis added)). The panel therefore "s[aw] no need to 'look through' the offense to its state-law predicates." *Id.* at 271. The *Thomas* court thus held that all VICAR offenses are crimes of violence under § 924(c), even if the state-law predicates are not.

The *Thomas* panel further contradicted this Court's precedent in its analysis of the elements of a VICAR offense. The Court noted that those

---

[3]Even if this Court were to substitute in, *post hoc*, a state or federal murder statute that the Government might have charged, not all possible contenders would satisfy *Borden*. *See, e.g., United States v. Jackson*, 32 F.4th 278, 285 (4th Cir. 2022) (federal felony murder under 18 U.S.C. § 1111(a) not a categorical crime of violence); *Flanders v. Commonwealth*, 838 S.E.2d 51, 59 (Va. 2020) (Virginia felony homicide under Va. Code Ann. § 18.2-33 permits murder convictions based on nonviolent predicate felonies such as drug distribution).

elements include that the defendant "committed the enumerated federal offense" and "that the defendant's conduct violated an independent state or federal law." 87 F.4th at 275. For purposes of determining whether the VICAR conviction constituted a "crime of violence," however, the panel held that because the enumerated federal offense "easily qualifies," the panel "need not progress to the state law predicates"; instead, "the generic federal offense standing alone" satisfied § 924(c)'s requirements. *Id.* The panel here applied that holding in "reject[ing Appellants'] argument that we must 'look through' the VICAR statute to the underlying state or federal law" because it "need only decide whether the generic federal murder offense" qualifies as a crime of violence. Op. at 30.

This conclusion directly contradicts this Court's prior holding in *Manley*, which requires an analysis of the state or federal statute defining the VICAR predicate. 52 F.4th at 148 ("[B]ecause the Virginia offense constitutes an element of the VICAR offense, it is proper to examine whether a conviction under the Virginia statute would be a crime of violence."). The *Thomas* panel attempted to rely on *United States v. Keene*, 955 F.3d 391 (4th Cir. 2020), for the proposition that "one element of a VICAR conviction is that the defendant committed the enumerated federal offense, and another

10

is that the defendant's conduct violated an independent state or federal law." *Thomas*, 87 F.4th at 274. But, as Judge Keenan explained in *Kinard*, "*Keene* does not bear on whether there is a separate generic offense element," as the issue in that case was not a crime-of-violence analysis, but whether "the elements of the incorporated state offense for the VICAR assault charges must 'categorically match' the elements of the 'enumerated federal offense[.]'" *Kinard*, 93 F.4th at 221 (Keenan, J., concurring) (quoting *Keene*, 955 F.3d at 392). Indeed, *Keene* concluded that "the defendant's 'presently charged conduct' must 'constitute an assault under federal law, *while simultaneously also* violating a state law.'" *Id.* (quoting *Keene*, 955 F.3d at 397) (emphasis added). Accordingly, "*Keene* does not bear on the distinct categorical analysis required in this case or in *Thomas*." *Id.* at 222.

This Court should grant *en banc* rehearing to correct this inconsistency.

### B. *Thomas* violates the holding of *Borden.*

Beyond contradicting Circuit precedent, *Thomas* violates *Borden*. *Thomas* held that "VICAR assault with a dangerous weapon satisfies *Borden*'s *mens rea* requirement because it cannot be committed recklessly." An element of every VICAR offense is that the defendant committed the offense "for the purpose of gaining entrance to or maintaining or increasing

11

position" in the racketeering enterprise. 18 U.S.C. 1959(a). According to *Thomas*, VICAR's independent purpose element removes the possibility that a person could commit the underlying predicate offense for a VICAR conviction recklessly.

This is inconsistent with *Borden*, which holds that a predicate offense cannot qualify as a "crime of violence" under the force clause without a *mens rea* of purposeful or knowing conduct. 593 U.S. at 429. Moreover, the purposeful or knowing *mens rea* element must attach to the *use of physical force*, and that the perpetrator must "direct his action at, or target, another individual." *Id.*; *see also id.* at 438 (force clause requires "a deliberate choice of wreaking harm on another"); *id.* at 445 (force clause requires "the active employment of force against another person").

*Thomas* violates this principle by imputing the *mens rea* from the purpose element of the VICAR statute. The VICAR *mens rea*—which merely requires that an action was taken "for the purpose of gaining entrance to or maintaining or increasing position" in a racketeering enterprise—is divorced from the actual violent conduct proscribed by the underlying state or federal statute, and does not require a purposeful or knowing use of physical force. Indeed, this Court has explicitly held that under § 1959(a)

12

there *need not* be a nexus between the purpose element and the underlying conduct. *See, e.g., United States v. Zelaya*, 908 F.3d 920, 927 (4th Cir. 2018) ("The government need not show any nexus between the act of violence and the racketeering activity to prove that a defendant committed a violent crime in order to maintain or increase his position in a racketeering enterprise." (internal quotations omitted)); *United States v. Umaña*, 750 F.3d 320, 335 (4th Cir. 2014) (activity supporting the purpose element "could occur before commission of a violent crime covered by the statute…or after commission of a violent crime"). Concurring in *Kinard*, Judge Keenan provided the following illustration to illustrate why *Thomas* was incorrect:

> [C]onsider a defendant riding in a car late at night who sees a rival gang member's empty car parked on a deserted street in the defendant's gang's territory. The defendant fires a "warning shot" out his car's window. As he passes the empty car, the defendant sees that the bullet has hit and injured a rival gang member, whom the defendant had not seen standing nearby. When the defendant returns to his gang's headquarters, he brags to his superiors that he shot the rival gang member.
>
> In that scenario, the defendant purposefully fired the gun, but he did not purposefully hit the individual he had not seen. Instead, in firing the gun and injuring a person, the defendant paid insufficient attention to the potential application of force and consciously disregarded a substantial and unjustifiable risk. In other words, the defendant in this example *recklessly* applied force to an individual, rather than *directing* force at a target.

13

93 F.4th at 219 (4th Cir. 2024) (Keenan, J., joined by Heytens, J., concurring) (internal quotations and alterations omitted).

In Judge Keenan's example, the defendant's use of force is *reckless*; nevertheless, such an offense would satisfy VICAR's purpose element and would, under the reasoning of *Thomas*, qualify as a predicate crime of violence. Such reasoning directly contradicts *Borden*.

### C. *Thomas* **amplifies a circuit split.**

*Thomas* not only overrules *Mathis* and *Manley*; it also exacerbates a circuit split. Four circuits have discussed how to analyze whether a VICAR offense qualifies categorically as a crime of violence under § 924(c))'s force or elements clause. Per two—the Second and Eleventh Circuits—the question requires scrutiny of the elements of the predicate offense as defined by the specific "laws of any State or the United States" the defendant is accused of violating. 18 U.S.C. § 1959(a). *Thomas* joins the Sixth Circuit in suggesting that any of the offenses enumerated in § 1959 suffice.[4]

The Second Circuit has held that a "substantive VICAR offense hinges on the underlying predicate [state law] offense." *United States v. Pastore*, 36

---

[4]*Nicholson v. United States*, 78 F.4th 870, 877-79 (6th Cir. 2023).

F.4th 423, 429 (2nd Cir. 2022) (cleaned up). It accordingly directs reviewing courts to "look to that predicate offense to" identify the elements analyzed under the categorical approach. *Id.* The Second Circuit elaborated on that approach as follows: "[T]he first step…is to determine which" of the specific offenses enumerated in § 1959 "is the predicate crime of violence underlying" the § 924(c) conviction. *United States v. Morris,* 61 F.4th 311, 318 (2nd Cir. 2023). "The second step…is to determine which laws of any State or the United States" the defendant "violated during the commission of the specific VICAR" offense. *Id.* The "third and final step is to determine whether the committed VICAR [offense], premised on a violation of the relevant state or federal law identified at Step Two, is a crime of violence under § 924(c)'s elements clause." *Id.* (cleaned up). The Second Circuit has reaffirmed this approach repeatedly. *United States v. Laurent,* 33 F.4th 63, 92 (2nd Cir. 2022); *United States v. White,* 7 F.4th 90, 104 (2nd Cir. 2021).

The Eleventh Circuit has taken the same approach; it has also addressed many of the arguments adopted by the panel here. In *Alvarado-Linares v. United States*, 44 F.4th 1334, 1342-1343 (11th Cir. 2022), the defendant argued that reviewing courts "must look through the VICAR statute to the elements of the underlying state crime, which is Georgia malice

15

murder," when applying the categorical approach. *Id.* at 1342. The Government, by contrast, argued that the court "should look only to the generic federal definition of 'murder' as that term is used in the [VICAR] statute." *Id.*

The Eleventh Circuit concluded that the defendant "has the better argument." *Id.* at 1342-43. The Court explained, "[t]he modified categorical approach requires us to ask whether a crime, as charged and instructed, has 'as an element the use, attempted use, or threated use of physical force.'" *Id.* at 1343 (quoting 18 U.S.C. § 924(c)). A reviewing court "cannot answer [that] question…without looking at [the] Georgia law" the defendant is accused of violating. *Id.* The Eleventh Circuit also noted the consistency of its approach with that "adopted by several of our sister circuits when confronted with similar circumstances," citing cases from the Second and Tenth Circuits and – in a testament to the intra-circuit conflict that this Court should address – this Court's decision in *Mathis*. *Id.* (also citing *United States v. Toki*, 23 F.4th 1277, 1279–81 (10th Cir. 2022) (VICAR assault was not crime of violence because underlying Utah and Arizona aggravated assault are not crimes of violence); *United States v. White*, 7 F.4th 90, 104 (2nd Cir. 2021) (VICAR

16

assault was crime of violence where underlying "New York offense of assault in the second degree" was crime of violence).

*Toki*, the Tenth Circuit decision cited in *Alvarado-Linares*, provides a particularly apt example. In that case, the Tenth Circuit analyzed whether two § 1959(a)(3) convictions—premised on the "Utah and Arizona statutes criminalizing assault with a dangerous weapon"—qualified as crimes of violence. *Id.* at 1280. Because those state offenses required a *mens rea* of recklessness, the Court held that they did not satisfy the force clause under *Borden*. *Id.* at 1280-82.

In short, the framework dictated by the *Thomas* decision creates both conflict within this Court's jurisprudence and a split with other circuits. *En banc* review is warranted.

## CONCLUSION

For all the reasons set forth above, Mr. Tipton respectfully petitions this Court for panel rehearing or rehearing *en banc*.

17

Respectfully submitted on this, the 2nd day of May 2024.


John G. Baker
Federal Public Defender for the
Western District of North Carolina

*/s/ Gerald W. King, Jr*
Gerald W. King, Jr.
Chief, Capital Habeas Unit for the
Fourth Circuit
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
Direct: (704) 688-6946
E-mail: gerald_king@fd.org

Counsel for Richard Tipton, III.

18

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This petition contains 3,526 words, excluding the parts of the brief exempted from the word count by Rule 32(f).

2. This petition has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14 pt Book Antiqua.

<u>*/s/ Gerald W. King, Jr.*</u>
Gerald W. King, Jr.
Counsel for Richard Tipton, III

19

**CERTIFICATE OF SERVICE**

I, Gerald King, hereby certify that a true and correct copy of the foregoing *Petition for Panel Rehearing or Rehearing En Banc* was duly served on Assistant United States Attorney Richard D. Cooke by CM/ECF.

This 2nd day of May 2024.

/s/ Gerald W. King, Jr.
Gerald W. King, Jr.
Counsel for Richard Tipton, III

20